UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CAUSE NO.: 1:04-CR-56-TS |
| ) | |
| ALLAN BATES ) | |

**OPINION AND ORDER**

This matter is before the Court on the Defendant's Motion to Suppress Gun Possession Testimony [DE 30] and the Defendant's Motion to Preclude Mention of Prior Arrest. [DE 34].

**PROCEDURAL BACKGROUND**

The Grand Jury charged the Defendant, Allan Bates, with knowing and intentional distribution of more than 500 grams but less than 5 kilograms of a mixture or substance containing a detectable amount of cocaine. On December 3, 2004, the Defendant filed six motions seeking to exclude from trial evidence that the United States may wish to use against him. The United States filed its responses on January 12, 2005, and the Defendant replied on January 24, 2005.

On February 10, 2005, the Court denied two of the Defendant's motions and set an evidentiary hearing on the Defendant's Motion to Suppress Audio and Video Recordings and Motion to Suppress Phone Conversation. On September 7, 2005, the Court conducted an evidentiary hearing. On October 21, 2005, the Defendant filed his post-hearing brief challenging the Court's limitation of his cross-examination of Detective Thompson and his examination of McVoy. He requested the Court to reopen the hearing to permit further questioning. On November 7, the government filed its brief opposing the Defendant's request to reopen the hearing and arguing that the Motions to Suppress should be denied.

On November 14, the Court denied the Defendant's Motions to Suppress [DE 29, 31] and denied the Defendant's request to reopen the evidentiary hearing. The two remaining motions, which argue for the exclusion of evidence under Rule 404(b) are the subject of this Opinion and Order.

## FACTUAL BACKGROUND

On August 20, 2004, at 10:15 p.m., the police arrested Jeremy McVoy for dealing cocaine and took him to the police station. DEA agent Detective Thompson interviewed McVoy and at 10:50, McVoy signed a waiver of advice form. McVoy told Detective Thompson that he was expecting a delivery of cocaine from his supplier, Defendant Allen Bates. He said he could get two kilograms of cocaine from the Defendant if he had $17,000 in cash. Detective Thompson, along with Detectives Ray and Wagner, obtained the money and went with McVoy to his house.

With McVoy's knowledge and agreement, Detective Ray set up a hidden video and audio recorder in the living room of McVoy's house, where he expected the drug deal to take place. McVoy was given a body wire, and Detectives Ray, Thompson, and Wagner went to a back room to wait for the Defendant's arrival.

At about 8:00 a.m., McVoy called the Defendant and asked him to come over. McVoy recorded the telephone conversation on a handheld voice recorder. Ten minutes later, the Defendant arrived at McVoy's house. The Defendant walked into McVoy's residence with a brown shopping bag. McVoy gave the Defendant the $17,000 and then transferred the brown shopping bag, later found to contain drugs, to his car in the garage.

After leaving McVoy's house, Bates fled from police in his truck. During their pursuit, police saw Bates throwing items from his vehicle. Bates was eventually arrested and, later, his vehicle was

searched. The search uncovered ammunition, but no gun. That same day, a Fort Wayne citizen found the same kind of ammunition in his yard.

## DISCUSSION

The Defendant argues that Federal Rule of Evidence 404(b) prohibits the admission of his 1999 conviction for dealing in marijuana and also prohibits the introduction of the ammunition found in the Defendant's vehicle and in a citizen's yard.

Federal Rule of Evidence 404(b) provides, in relevant part,

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

"Evidence of other bad acts is also admissible to prove predisposition in an entrapment case." *United States v. Goodapple*, 958 F.2d 1402, 1406 (7th Cir. 1992); *see also United States v. Nolan*, 910 F.2d 1553, 1562 (7th Cir. 1990) (stating that "with the exception of entrapment cases, Rule 404(b) is meant to prevent using other acts to prove a person's propensity, or predisposition, to commit a similar act").

The Seventh Circuit has articulated a four-prong test for admissibility of Rule 404(b) evidence, which requires a court to consider whether: (1) the evidence is directed toward establishing a matter in issue other than the defendant's propensity to commit the crime charged; (2) the evidence shows that the other act is similar enough and close enough to be relevant to the matter in issue; (3) the evidence is sufficient to support a jury finding that the defendant committed the similar act; and (4) the evidence has probative value that is not substantially outweighed by the danger of unfair prejudice. *United States v. Denberg*, 212 F.3d 987, 992–93 (7th Cir. 2000). The

3

fourth prong of the test covers Rule 403, which provides for exclusion of relevant evidence on grounds of prejudice, confusion or waste of time. *Goodapple*, 958 F.2d at 1407.

### A.    1999 Drug Conviction

The government indicates that it "does not intend to introduce the evidence of the marijuana conviction absent the defendant placing his intent at issue in this case." (Resp. at 2.) The government's position stems from its understanding that evidence of prior bad acts is generally not admissible to prove general intent crimes, such as the distribution offense charged in the Indictment. *See United States v. Manganellis*, 864 F.2d 528, 539 (7th Cir. 1988) (holding that unlawfully distributing cocaine is a general intent crime and that it was error to introduce evidence about prior drug transaction). However, such evidence may be admissible if the Defendant puts his intent at issue. *See United States v. Tai*, 994 F.2d 1204, 1210 (7th Cir. 1993) ("Where specific intent is not an essential element of the crime charged, . . . the government may not introduce extrinsic act evidence to prove intent unless it has reason to believe that the defendant will claim innocent intent."). More specifically to this case, the defense of entrapment would put the Defendant's predisposition to commit the charged crime directly at issue *See Nolan*, 910 F.2d at 1562.

The Defendant acknowledges that if he pursues an entrapment defense, the admission of his prior conviction would not be for an impermissible purpose, but would be relevant to whether he was predisposed to commit the charged offense. The Court agrees with this assessment and also finds that the other prongs of the test for admissibility of 404(b) evidence are met.

The 1999 conviction is similar enough and close in time to be relevant to the entrapment and predisposition issues. "Simple differences in the type of conduct or charge at issue cannot defeat the

similarity requirement." *United States v. Long*, 86 F.3d 81, 84 (7th Cir. 1996). "[S]imilarity means more than sharing some common characteristics; the common characteristics must relate to the purpose for which the evidence is offered." *Id.* (quoting *United States v. Torres*, 977 F.2d 321, 326 (7th Cir. 1992)). Here, the difference in the identity of the drug does not affect the purpose for which it will be admitted, the Defendant's predisposition to sell illegal drugs. As the age of the conviction, the Seventh Circuit has approved the admissibility of 404(b) evidence in cases with gaps larger than the five years existing here. *See, e.g., United State v. Macedo*, 371 F.3d 957, 967 (7th Cir. 2004) (holding that nine-year gap was not too long to allow admission of a prior drug sale to prove intent); *United States v. Mounts*, 35 F.3d 1208, 1214 (7th Cir.1994) (permitting admission of drug purchase which occurred seven years prior to arrest to prove element of intent).

   The Defendant does not challenge the third prong, which requires that the evidence be sufficient to support a jury finding that the Defendant committed the similar act. The fourth prong of the test requires that the evidence have probative value that is not substantially outweighed by the danger of unfair prejudice. Evidence is unfairly prejudicial only to the extent that it will cause a jury to decide the case on improper grounds. *United States v. Jones*, 248 F.3d 671, 676 (7th Cir. 2001); *United States v. Medina*, 755 F.2d 1269, 1274 (7th Cir. 1985) ("It is only when the probative value of the evidence is substantially outweighed by the likelihood that the evidence will induce the jury to decide the case on an improper basis, commonly an emotional one, rather than on the evidence presented on the crime charged, that Rule 403 requires its exclusion."). The marijuana conviction, if submitted to rebut the Defendant's entrapment defense, is highly relevant and will not unfairly prejudice the Defendant. Moreover, a jury instruction directing the jurors to consider the evidence solely for the purpose of assessing the Defendant's predisposition is effective and proper

to reduce or eliminate the potential for improper use. *Macedo*, 406 F.3d 778, 793 (7th Cir. 2005) (prejudicial effect lessened by limiting instruction that the evidence was solely to be used to evaluate the issue of intent). Jurors are presumed to follow such instructions. *United States v. Chavis*, 429 F.3d 662, 668–69 (7th Cir. 2005).

Accordingly, if the Defendant puts his predisposition at issue by asserting an entrapment defense, his prior conviction for selling marijuana will be admissible.

**B.    Ammunition**

The government indicated in response to the Defendant's motion to prohibit any mention of the recovered ammunition that it did not intend to introduce evidence of the Defendant's possession of ammunition during its case in chief. Rather, the government intended to present such evidence for purposes of increasing the offense level under § 2D1.1(b)(1) of the United States Sentencing Guidelines. At the time it drafted its response, the government was unsure how to proceed in light of the Supreme Court's opinion in *United States v. Booker*, 543 U.S. 220 (2005), which had just been decided. The government anticipated introducing the evidence either to a jury during its case in chief or during the second phase of a bifurcated trial, depending on how the Court wanted to proceed in the wake of *Booker*. In his reply, the Defendant argued that the ammunition could not be a sentencing factor because it could not be proven beyond a reasonable doubt that he possessed a firearm.

Since the parties' briefing, the Seventh Circuit's clarification regarding sentencing has made these argument moot. As Judge Easterbrook explained in *McReynolds v. United States*,

> *Booker* does not in the end move any decision from judge to jury, or change the burden of persuasion. The remedial portion of *Booker* held that decisions about

sentencing factors will continue to be made by judges, on the preponderance of the evidence, an approach that comports with the sixth amendment so long as the guideline system has some flexibility in application. As a practical matter, then, [defendants'] sentences would be determined in the same way if they were sentenced today; the only change would be the degree of flexibility judges would enjoy in applying the guideline system.

397 F.3d 479, 481 (7th Cir. 2005).

Although the ammunition may be relevant for sentencing, it would not be proper to introduce evidence of the Defendant's possession of ammunition to a jury. However, because the government only intended to submit such evidence for sentencing purposes, the Defendant's 404(b) motion to exclude such evidence is rendered moot.

## CONCLUSION AND ORDER

For the foregoing reasons, the Defendant's Motion to Suppress Gun Possession Testimony [DE 30] is rendered MOOT and the Defendant's Motion to Preclude Mention of Prior Arrest [DE 34] is GRANTED, provided that the Defendant does not put his predisposition to distribute drugs at issue by asserting an entrapment defense at trial.

SO ORDERED on March 20, 2006.

 s/ Theresa L. Springmann  
THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT